

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
February 12, 2019 13:49

By: MURRAY D. BILFIELD 0029074

Confirmation Nbr. 1623457

DIANE M. PORTER, ET AL                    CV 19 910926

vs.
                                          **Judge:** ROBERT C. MCCLELLAND
CUYAHOGA COUNTY, ET AL.

**Pages Filed:** 10

EXHIBIT A

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **DIANE M. PORTER**<br>863 Rondel Road<br>Cleveland, Ohio 44110<br><br>-and-<br><br>**JOEY R. PORTER**<br>863 Rondel Road<br>Cleveland, Ohio 44110<br><br>*Plaintiffs,*<br><br>vs.<br><br>**CUYAHOGA COUNTY**<br>2079 east 9th Street, Suite 7-200<br>Cleveland, Ohio 44115<br><br>-and-<br><br>**CUYAHOGA COUNTY CHILD SUPPORT ENFORCEMENT AGENCY**<br>2079 east 9th Street, Suite 7-200<br>Cleveland, Ohio 44115<br><br>-and-<br><br>**KONE, INC.**<br>**By serving the Statutory Agent**<br>Corporation Service Company<br>50 West Broad Street<br>Columbus, Ohio 43215<br><br>-and-<br><br>**KONE, INC.**<br>Formerly known as Montgomery Kone<br>**By serving the Statutory Agent**<br>Corporation Service Company<br>50 West Broad Street<br>Columbus, Ohio 43215 | CASE NO.:<br><br>JUDGE:<br><br><br><br><br><br><br><br><br><br>**COMPLAINT** |

|  |  |
|---|---|
| -and- | ) |
|  | ) |
| **KONE ELEVATORS & ESCALATORS** | ) |
| **OF CLEVELAND, OHIO** | ) |
| 6670 W. Snowville Rd. #7 | ) |
| Brecksville, OH 44141 | ) |
|  | ) |
| -and- | ) |
|  | ) |
| **JOHN DOES 1 THROUGH 5** | ) |
| (Names and addresses currently unknown) | ) |
| Corporation(s), partnership(s), business | ) |
| entity(ies), or other individuals described | ) |
| in more detail herein | ) |
|  | ) |
| -and- | ) |
|  | ) |
| **OHIO BUREAU OF WORKERS'** | ) |
| **COMPENSATION** | ) |
| 30 West Spring Street | ) |
| Columbus, Ohio 43215 | ) |
|  | ) |
| *Defendants.* | ) |
|  | ) |

NOW COME Plaintiffs Diane M. Porter and Joey R. Porter and for their claims for relief in this Complaint state as follows:

## PARTIES

1. At all times material hereto, Plaintiffs Diane M. Porter and Joey R. Porter were residents of Cuyahoga County, Ohio.

2. At all times relevant herein, Defendant Cuyahoga County constitutes a political subdivision of the State of Ohio and provides services within the Cuyahoga County, Ohio.

3. At all times relevant herein, Defendant Cuyahoga County Child Support Enforcement Agency constitutes a political subdivision of the State of Ohio and provides services within the Cuyahoga County, Ohio.

4. At all times relevant herein, Defendant Kone, Inc. was (and remains) a for-profit corporation, limited liability company or other business entity organized and existing under the laws of the State of Delaware and was licensed to do business in and was conducting business in Ohio, including within Cuyahoga County, Ohio, which is where the activity giving rise to Plaintiff's claims occurred or was conducted.

5. At all times relevant herein, Defendant Kone, Inc. (f/k/a Montgomery Kone) was (and remains) a for-profit corporation, limited liability company or other business entity organized and existing under the laws of the State of Delaware and was licensed to do business in and was conducting business in Ohio, including within Cuyahoga County, Ohio, which is where the activity giving rise to Plaintiff's claims occurred or was conducted.

6. At all times relevant herein, Defendant Kone Elevators and Escalators of Cleveland Ohio was (and remains) a for-profit corporation, limited liability company or other business entity and was licensed to do business in and was conducting business in Ohio, including within Cuyahoga County, Ohio, which is where the activity giving rise to Plaintiff's claims occurred or was conducted.

7. At all times relevant herein, Defendants John Doe 1 through 5 are corporations, limited liability companies, partnerships, business entities, or other individuals whose exact names, addresses and identities are presently unknown and could not be discovered with reasonable and due diligence prior to the filing of this Complaint. Plaintiffs allege and assert that Defendants John Doe 1 through 5 are liable to Plaintiffs directly or vicariously as persons or entities that owed a duty to Plaintiffs and breached that duty, resulting in Plaintiffs' injuries and damages set forth herein.

Plaintiffs will seek leave to amend this Complaint to specifically name and identify these John Does 1 through 5 once their exact names, addresses and identities are discovered, known and identified.

8. At all times relevant herein, Defendant Ohio Bureau of Workers' Compensation has made certain payments to Plaintiff, Diane M. Porter, for medical treatment and her lost wages, and is claiming a right of reimbursement and subrogation from the Plaintiff.

## COUNT ONE

9. Plaintiffs incorporate by reference all allegations contained in all other Paragraphs and Counts as if fully rewritten herein.

10. On or about February 13, 2017, Plaintiff Diane M. Porter was a lawful business invitee or licensee of the property known as Virgil E. Brown Center, located at 1640 Superior Avenue Cleveland, Ohio 44114 (hereinafter the "Property").

11. At that same time and place, Plaintiff Diane M. Porter was an occupant and rider of an elevator located within the Property when the elevator door closed on Plaintiff as she entered the elevator, causing Plaintiff to sustain serious and permanent injuries to her right shoulder, right elbow, chest, right hip, right knee, bruising on both her chest and back, and other injuries and damages as more fully described below.

12. At all times relevant herein, the subject elevator was owned, controlled, serviced, inspected and/or maintained by Defendant Cuyahoga County, Defendant Cuyahoga County Child Support Enforcement Agency, Defendant Kone, Inc., Defendant Kone, Inc. (f/k/a Montgomery Kone), Defendant Kone Elevators and Escalators of Cleveland Ohio, and/or John Doe 1 through 5.

13. At all times relevant herein, Defendant Cuyahoga County, Defendant Cuyahoga County Child Support Enforcement Agency, Defendant Kone, Inc., Defendant Kone, Inc. (f/k/a Montgomery

Kone), Defendant Kone Elevators and Escalators of Cleveland Ohio, and/or John Doe 1 through 5 owned, held, leased, occupied, managed, operated, controlled and/or were otherwise responsible for the Property and the subject elevator.

14.     At all times relevant herein, Defendant Cuyahoga County and/or Defendant Cuyahoga County Child Support Enforcement Agency, contracted or otherwise agreed with Defendant Kone, Inc., Defendant Kone, Inc. (f/k/a Montgomery Kone), Defendant Kone Elevators and Escalators of Cleveland Ohio, and/or John Doe 1 through 5 to install, inspect, maintain, control, service, repair and supervise the subject elevator.

15.     Defendants, individually and collectively, qualify as and constitute a common carrier under applicable law and as such, owed a non-delegable duty to Plaintiff, Diane M. Porter, to exercise the highest degree of care with respect to the installation, inspection, maintenance, repair, service, and operation of the subject elevator and a duty of care to maintain a properly functioning elevator in the Property at all times.

16.     Defendants were negligent and breached its duty of care to Plaintiff, Diane M. Porter, by failing to ensure that the elevator was installed correctly and in proper working condition.

17.     Defendants acting jointly, severally and/or concurrently, negligently failed to install, maintain, service, and operate the subject elevator in a safe manner.

18.     Defendants breached the following non-delegable duties they owed to Plaintiffs and were negligence by, among other things:

    a.     Failing to provide a safe means of transport;

    b.     Failing to properly install the subject elevator;

    c.     Failing to maintain the subject elevator;

    d.      Failing to properly and timely inspect, test, monitor, repair and maintain the subject elevator;

    e.      Failing to warn users of the elevator, including Plaintiff, Diane M. Porter, of malfunctions of the subject elevator;

    f.      Failing to take any measurable steps to abate the dangers in the elevator;

    g.      Failing to properly and/or timely abate the dangers in the elevator;

    h.      Failing to properly and/or timely service and/or repair the elevator once they had or should have had knowledge that the elevator was not operating properly; and

    i.      Defendants were otherwise negligent, as will be proven at trial.

19. As a direct and proximate result of Defendants' negligence and breach of their duties owed to Plaintiff, Diane M. Porter, she suffered and will continue to suffer into the future severe and permanent bodily injuries, including, but not limited to: injuries to her right shoulder, right elbow, chest, right hip, right knee; numerous and various other bodily contusions and abrasions; and other currently undiagnosed or unknown injuries. Some or all of these injuries resulted in extreme, severe, prolonged and permanent physical pain, suffering, discomfort, scarring, disfigurement, deformity, sensitivity, disability, restrictions, limitations, and other harms and losses.

20. As a direct and proximate result of Defendants' negligence and breach of their duties owed to Plaintiff, Diane M. Porter, she required emergency care and treatment, extensive medical and mental care and treatment and physical therapy and expects to require additional medical and mental care, treatment and therapy in the future.

21. As a direct and proximate result of Defendants' negligence and breach of their duties owed to Plaintiff, Diane M. Porter, she has incurred extensive treatment expenses and will continue to incur treatment expenses and long-term care expenses into the future.

22. As a direct and proximate result of Defendants' negligence and breach of their duties owed to Plaintiff, Diane M. Porter, she has suffered and will continue to suffer a loss in the enjoyment of her life and in her ability to live free of pain, suffering, discomfort, disfigurement, scarring, deformity, disability, sensitivity, limitations and restrictions.

23. As a direct and proximate result of Defendants' negligence and breach of their duties owed to Plaintiff, Diane M. Porter, she has suffered and will continue to suffer a loss of her ability to perform her usual functions including those involved with daily activities as well as those activities from which she derived pleasure, enjoyment and income.

24. As a direct and proximate result of Defendants' negligence and breach of their duties owed to Plaintiff, Diane M. Porter, she has suffered and will continue to suffer a loss of income and will suffer a future loss of income, loss of or diminished working and earning capacity, and loss of earning potential and capacity into the future.

25. Plaintiffs verily believe that some or all of Plaintiff, Diane M. Porter's injuries, damages, harms and losses are ongoing, permanent in nature, or are long lasting and will continue into the indefinite future.

26. Plaintiffs further believe and therefore state that if and to the extent that the evidence demonstrates that Plaintiff, Diane Porter's injuries, damages, harms and losses set forth herein are the result of misconduct on the part of Defendants that constitute willful, wanton, intentional, deliberate, and malicious conduct, and/or a conscious, reckless or flagrant disregard for the rights and safety of another person (including Plaintiff Diane M. Porter) which had a great probability of causing substantial harm, then Plaintiffs are also entitled to an award of punitive damages and attorney's fees against Defendants.

## COUNT TWO

27. Plaintiffs incorporate by reference all allegations contained in all other Paragraphs and Counts as if fully rewritten herein.

28. At all times relevant herein, Defendants owed Plaintiff, Diane M. Porter, a duty of due and ordinary care to maintain properly functioning elevators for the Property and to warn of any malfunctions with the subject elevator's operation.

29. Plaintiffs believe and therefore alleges that Defendants were negligent and breached their duty of care to Plaintiff, Diane M. Porter, because they failed to maintain the subject elevator in a properly functioning condition and/or because Defendants knew or through the exercise of reasonable care should have known that the subject elevator was not properly functioning or maintained before Plaintiff Diane M. Porter's injury but failed to take reasonable steps and precautions to maintain, correct or fix it or to notify and warn Plaintiff and others.

30. As a direct and proximate result of Defendants' negligence and breach of duty, Plaintiff, Diane M. Porter suffered the injuries, damages, harms and losses more fully set forth in Count One above.

## COUNT THREE

31. Plaintiffs incorporate by reference all allegations contained in all other Paragraphs and Counts as if fully rewritten herein.

32. At all times relevant herein, the subject elevator was in the exclusive control of one or all of the said Defendants.

33. This incident and Plaintiff Diane M. Porter's injuries and damages could not have occurred in the absence of negligence.

34.  As a direct and proximate result of the negligence presumed herein under the doctrine of *res ipsa loquitur*, Plaintiff, Diane M. Porter, were injured and suffered damages as previously set out herein, for which Defendants are jointly and severally liable.

## COUNT FOUR

35.  Plaintiffs incorporates by reference all allegations contained in all other Paragraphs and Counts as if fully rewritten herein.

36.  At all times relevant herein, Plaintiff, Joey R. Porter, was and is the husband of Plaintiff Diane M. Porter.

37.  As a direct and proximate result of the Defendants' negligence, and without any negligence on the part of Plaintiff Diane M. Porter, Plaintiff Joey R. Porter has lost the care, comfort, services and consortium of his wife. Plaintiff Joey R. Porter will incur these damages and losses in the future due to the permanent nature of his wife's injuries.

## COUNT FIVE

38.  Plaintiffs incorporates by reference all allegations contained in all other Paragraphs and Counts as if fully rewritten herein.

39.  On or after February 13, 2017, Plaintiff, Diane M. Porter, presented a workers' compensation claim related to the injuries she sustained in the subject incident which occurred at the Virgil E. Brown Center, located at 1640 Superior Avenue, in the City of Cleveland, Cuyahoga County, Ohio.

40.  Defendant, Ohio Bureau of Workers' Compensation has made certain payments to Plaintiff, Diane M. Porter, for medical treatment and/or lost wages and is claiming a right of reimbursement/subrogation from the Plaintiff which should be set forth herein or be forever barred.

WHEREFORE, Plaintiffs hereby demand judgment against all Defendants, jointly and severally for compensatory damages in excess of Twenty-five Thousand Dollars ($25,000.00), plus

punitive damages in excess of Twenty-five Thousand Dollars ($25,000.00), plus attorney's fees, interest, costs of this action and such further relief as the Court may deem just and proper.

Date: 02/12/2019

Respectfully submitted,

_/s/ Murray D. Bilfield_
**MURRAY D. BILFIELD (0029074)**
**ANTHONY S. FARREN (0066698)**
*Attorney for Plaintiffs*
BILFIELD & ASSOCIATES, LLC
6300 Rockside Road, Suite 204
Independence, Ohio 44131
216-696-5297 / 216-573-9725 FAX
mbilfield@bilfieldandassociates.com
sfarren@bilfieldandassociates.com