PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DIANE M. PORTER, *et al.*, | ) |
| | ) CASE NO. 1:19CV2612 |
| Plaintiffs, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| CUYAHOGA COUNTY, *et al.*, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) [Resolving ECF No. 3] |

Pending is Realigned Plaintiff Ohio Bureau of Workers' Compensation's ("OBWC") Motion to Remand (ECF No. 3) pursuant to 28 U.S.C. § 1447(c), filed on December 5, 2019. The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons provided below, the Court denies the motion.

**I. Factual and Procedural Background**

On or about February 13, 2017, Plaintiff Diane M. Porter was a business invitee or licensee at the property known as the Virgil E. Brown Center located on Superior Avene in Cleveland, Ohio. She was an occupant and rider of an elevator (allegedly installed, maintained, controlled, inspected, and/or serviced by Defendant Schindler Elevator Corporation ("Schindler") when the door closed on Mrs. Porter as she entered the elevator, causing her to sustain serious and permanent injuries to her right shoulder, right elbow, chest, right hip, right knee, and bruising on both her chest and back. *See* Supplemental Report of Parties' Planning Meeting and Discovery Plan (ECF No. 10). The OBWC made certain payments to Mrs. Porter for medical

(1:19CV2612)

treatment and/or lost wages, and claims a right of reimbursement/subrogation from Mrs. Porter and Schindler.[1] Plaintiff Joey R. Porter, Mrs. Porter's husband, brings a claim for loss of consortium.

On February 12, 2019, Mr. and Mrs. Porter filed suit in the Cuyahoga County, Ohio Court of Common Pleas, being Case No. CV-19-910926. The Porters brought this action alleging common law tort claims for personal injury and loss of consortium. Because Mrs. Porter was working at the time she was injured, she was entitled to and the OBWC did in fact provide medical treatment and indemnity compensation to her pursuant to Chapter 4123 of the Ohio Revised Code. As result of paying for medical treatment and making indemnity payments to Mrs. Porter, the OBWC has presented a claim against both Mrs. Porter and Schindler for the statutory right of subrogation afforded in Ohio Rev. Code § 4123.931 in the amount of workmen's compensation benefits paid or reasonably expected to be paid in the future as a result of Mrs. Porter's injuries.

Schindler filed a Notice of Removal (ECF No. 1) to the United States District Court for the Northern District of Ohio, on the grounds of diversity jurisdiction[2] on November 8, 2019.[3]

---

[1] The OBWC's subrogation interest is $160,697.77 through January 5, 2020. *See* ECF No. 15 at PageID #: 442 n. 1.

[2] Pursuant to 28 U.S.C. § 1332, Federal District Courts shall have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States." The OBWC does not dispute that diversity jurisdiction exists.

[3] All other Defendants had been dismissed while the case was pending in state court.

2

(1:19CV2612)

The OBWC then filed the within timely motion to remand, on the grounds that removal is improper under 28 U.S.C. § 1447(c) because its claims arise under state workmen's compensation law.

## II. Analysis

A defendant pursuant to 28 U.S.C. § 1441 has the power to remove to a Federal District Court "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Section 1445(c), 28 U.S.C., provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

There is "a general policy of strictly limiting diversity jurisdiction in cases involving state worker's compensation law; for this reason, courts have generally read [§ 1445] quite broadly." *Zurich Am. Ins. Co. v. Gen. Motors Corp.*, 242 F. Supp.2d 736, 739 (E.D. Cal. 2003) (citing *Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991) ("Because Congress intended that all cases arising under a state's workers' compensation scheme remain in state court, we believe that we should read section 1445(c) broadly to further that purpose."); *Hines v Marriott Int'l, Inc.*, 246 F. Supp.2d 815, 819 (N.D. Ohio 2002) (O'Malley, J.).

Removal of this action was not improper. Section 1445(c), 28 U.S.C. is not controlling in the case at bar because the OBWC's subrogation claim under Ohio Rev. Code § 4123.931 is not one "arising under the workmen's compensation laws" of Ohio nor is the right to relief dependent upon resolution of a substantial question of workmen's compensation law. That claim is merely incidental to the primary cause of action alleging common law tort claims for personal

3

(1:19CV2612)

injury. *See Adams v. Frito-Lay, Inc.*, No. 1:19CV2084, 2020 WL 90753, at *3-4 (N.D. Ohio Jan. 8, 2020) (Boyko, J.) (utilizing the test in *Harper v. AutoAlliance Int'l., Inc.*, 392 F.3d 195 (6th Cir. 2004),[4] to deny plaintiff's motion to remand);[5] *see also Darago v. Live Nation Entertainment, Inc.*, No. 5:18CV2639, 2019 WL 3082292, at *4 (N.D. Ohio July 15, 2019) (Lioi, J.) ("The Court agrees that . . . [the OBWC's] subrogation right is secondary to the primary dispute: namely, the liability for Darago's workplace injury"); *Winkler v. Win Win Aviation*, No. 2:16-cv-629, 2016 WL 8224827, at *2 (S.D. Ohio Dec. 29, 2016) (recommending plaintiff's motion to remand be denied) *report and recommendation adopted*, No. 2:16-cv-629, 2017 WL 543253 (S.D. Ohio Feb. 9, 2017); *Bray v. Automatan, LLC*, 167 F. Supp.3d 770, 774 (D. S.C. 2016) ("just because Plaintiff GAA's lien and subrogation claim touch on South Carolina Workers' Compensation Law does not mean that its claim arises under that law for purposes of 28 U.S.C. § 1445(c)"); *Spangler v. Sensory Effects Powder Systems, Inc.*, No. 3:15CV0075, 2015 WL 1505766, at *1 (N.D. Ohio April 1, 2015) (Katz, J.) (the OBWC's "lien is secondary to the purpose of the lawsuit"); *Lemaster v. Taylor Indus., LLC*, No. 11-30-ART, 2011 WL 1577808, at *3 (E.D. Ky. April 26, 2011) ("Rockwood's workmen's compensation subrogation claim does not change the nature of this case because it is a derivative of the plaintiff's non-worker's

---

[4] "A civil action arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law." *Id.* at 203.

[5] Despite the OBWC being represented by the same law firm in both *Adams* and the case at bar, the OBWC did not seek reconsideration of Judge Boyko's decision.

4

(1:19CV2612)

compensation claim."); *Hartford v. Schindler Elevator Corp.*, No. 1:09-CV-132, 2009 WL 3246670, at *3 (N.D. Ind. Oct. 6, 2009) ("[I]t is clear that while Plaintiff's subrogation claim against a third-party tortfeasor for monies paid to an injured employee on behalf of its insured touches on Indiana worker's compensation law, it does not arise under those laws for the purposes of applying 28 U.S.C. § 1445(c).").

### III. Conclusion

Realigned Plaintiff Ohio Bureau of Workers' Compensation's Motion to Remand (ECF No. 3) is denied as the case was properly removed to this Court under 28 U.S.C. § 1441(a) based on federal diversity jurisdiction granted in 28 U.S.C. § 1332(a)(1).

IT IS SO ORDERED.

| | |
|---|---|
| March 17, 2020 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |